D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
JUDITH E. MARSHACK, #163871
jmarshack@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff and Chapter 7 Trustee
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DRI COMPANIES, a California Corporation,<br><br>        Jointly administered Debtors,<br><br>Affects:<br><br>☐ All Debtors<br>☒ DRI COMPANIES, a California Corporation,<br>☐ DRI COMMERCIAL CORPORATION, a California Corporation<br>☐ DRI RESIDENTIAL CORPORATION, a California Corporation<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>SUNWIZE TECHNOLOGIES, INC.; SUNWIZE, LLC; SUNWIZE HOME LLC; SUNWIZE POWER & BATTERY, LLC; and ISLANDWIDE SOLAR, LLC,<br><br>        Defendants. | Case No. 8:13-bk-12153-SC<br>(Jointly Administered with<br>8:13-bk-12154-SC<br>8:13-bk-12156-SC)<br><br>Chapter 7<br><br>Adv. No.<br><br>COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS<br><br>[11 U.S.C. §§ 544, 548, 550, and 551; Cal. Civ. Code §§ 3439 *et seq.*] |

---

1

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL AND FRAUDULENT
TRANSFERS

301243v1/1015-077

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

3  PARTIES:

4      Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

5  Estate ("Estate") of DRI Companies ("Debtor")  ("Plaintiff" or "Trustee"), files this Complaint

6  against  Sunwize Technologies, Inc., SunWize, LLC, SunWize Home LLC, SunWize Power &

7  Battery, LLC, and Islandwide Solar, LLC ("Defendants") and alleges as follows:

## Parties

9      1.    On March 11, 2013, Debtors DRI Companies, DRI Commercial Corporation, and

10  DRI Residential Corporation filed voluntary petitions under Chapter 11 of Title 11 of the United

11  States Code.

12      2.    On March 13, 2013, the Court entered an order approving the procedural joint

13  administration of the above-referenced Chapter 11 bankruptcy cases ("Bankruptcy Cases").

14      3.    On October 2, 2014, the Court conducted a hearing on an Order to Show Cause re:

15  Conversion to Chapter 7. On October 28, 2014, the Court converted the case to one under Chapter 7.

16      4.    Plaintiff and Chapter 7 Trustee Richard A. Marshack ("Plaintiff") is the duly

17  appointed and acting Chapter 7 Trustee of the above-entitled estate under 11 U.S.C. § 702.

18      5.    Defendant Sunwize Technologies, Inc. ("STI") is a New York corporation formed

19  and existing under the laws of the State of New York. SIT's principal place of business is 1151

20  Flatbush Rd., Kingston NY 12401. STI is qualified to do business in California.

21      6.    Defendant SunWize, LLC is a Delaware limited liability corporation formed and

22  existing under the laws of the State of Delaware. SunWize, LLC's principal place of business is

23  4350 E. Camelback Rd., Suite A100, Phoenix, AZ 85018. SunWize, LLC is qualified to do business

24  in California, and has engaged in business activity under the name "Sunwize Technologies, Inc."

25      7.    Defendant SunWize Home LLC ("SHL") is an Arizona limited liability corporation

26  formed and existing under the laws of the State of Arizona. SHL's principal place of business is

27  4350 E. Camelback Rd., Suite A100, Phoenix, AZ 85018. SHL is qualified to do business in

28  California, and has engaged in business activity under the name "Sunwize Technologies, Inc."

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL AND FRAUDULENT
TRANSFERS

301243v1/1015-077

8. Defendant SunWize Power & Battery, LLC ("SPB") is an Arizona limited liability corporation formed and existing under the laws of the State of Arizona. SPB's principal place of business is 1151 Flatbush Rd., Kingston NY 12401. SPB is qualified to do business in California, and has engaged in business activity under the name "Sunwize Technologies, Inc."

9. Defendant Islandwide Solar, LLC ("ISL") is a Hawaii limited liability corporation formed and existing under the laws of the State of Hawaii. ISL's principal place of business is 1418 N. Eliseo C. Felix Jr. Way, Avondale, AZ 85323. ISL is qualified to do business in California, and has engaged in business activity under the name "Sunwize Technologies, Inc."

## Statement of Jurisdiction and Venue

10. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate,) (H) (proceedings to recover fraudulent transfers,) and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief in this complaint is determined not to be a *Stern*-claim or not to be a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

11. This adversary proceeding is filed pursuant to 11 U.S.C. §§ 544, 548, 550, and 551 (a proceeding to avoid, recover, and preserve preferential transfers).

12. Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy estate, is the sole and exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

13. This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in, arises under, and relates to the bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division, entitled *In re DRI Companies, DRI Commercial Corporation, and DRI Residential Corporation*, and jointly administered under assigned Case No. 8:13-bk-12153-SC.

14. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## General Allegations

15. Debtor's principals, Timothy Davey, Brian Flaherty, Aaron Martin, and John Patterson ("Principals") were the individuals controlling Debtor at the time of the transfers.

16. Plaintiff alleges that due to a paucity of information and documentation discovered by the Trustee after his appointment, it is unclear what value, if any, Defendants provided Debtor in exchange for the payments described below.

17. Plaintiff alleges that during the four year period prior to the Petition Date, the Debtor transferred property to Defendants ("Transfer"). The Transfer includes a check issued by the Debtor on November 29, 2010, to "Sunwize Technologies, Inc." in the amount of $500,375. The full extent of the Transfer made by Debtor to Defendants will be proven at the time of trial but is in an amount not less than $500,375.

18. Plaintiff alleges that the Transfer was made for the benefit of a third party other than the Debtor, and that the Debtor did not receive reasonably equivalent value in exchange for the Transfer.

19. The Transfer is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

20. Plaintiff alleges that Debtor and the Principals knew that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Transfer was made.

21. Plaintiff alleges that Debtor was insolvent at the time the Transfer was made by Debtor to Defendants.

22. Plaintiff alleges that the Transfer caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## First Claim for Relief
## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)
## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551
## California Civil Code §§3439 *et seq*.]

23. Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. During the four year period prior to the Petition Date, the Trustee alleges that the Debtor transferred an interest in property to Defendants totaling not less than $500,375 with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. This transfer is referred to herein as the "Actual Fraudulent Transfer."

25. The Debtor was insolvent on the date of the Actual Fraudulent Transfer or became insolvent as a result of the Actual Fraudulent Transfer.

26. When the Transfer was made, the Debtor understood that—because of its financial condition—the payment to Defendants meant that the Debtor's creditors would not be paid in full.

27. The Debtor did not receive reasonably equivalent value in exchange for the Actual Fraudulent Transfer because, among other things, Defendants provided little, if any, goods and/or services to the Debtor.

28. The Debtor did not have liability for the Actual Fraudulent Transfer.

29. The Trustee may avoid the Actual Fraudulent Transfer made (a) during the four (4) year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code §3439 *et seq.*; and (b) during the two year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A).

30. The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

31. The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

**Second Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq*.]**

32. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

33. During the four (4) year period prior to the Petition Date, the Trustee alleges that the Debtor transferred an interest in property to Defendants totaling not less than $500,375 for less than

reasonably equivalent value and while insolvent. This transfer is referred to herein as the "Constructive Fraudulent Transfer."

34. The Debtor was insolvent on the date of the Constructive Fraudulent Transfer or became insolvent as a result of the Constructive Fraudulent Transfer, including:

  a) That at the time of the Constructive Fraudulent Transfer, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or

  b) That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

35. When the Constructive Fraudulent Transfer was made, the Debtor understood that—because of its financial condition—the payment to Defendants meant that the Debtor's creditors would not be paid in full.

36. At least one of Debtor's creditors at the time of the Constructive Fraudulent Transfer remained a creditor of Debtor on the Petition Date.

37. Defendants knew or should have known that they did not give anything of value to the Debtor in exchange for the Constructive Fraudulent Transfer as any services rendered and/or goods provided by Defendants were for the benefit of a third party other than the Debtor. Defendants therefore did not take the Constructive Fraudulent Transfer for value or in good faith.

38. The Debtor did not have liability for the Constructive Fraudulent Transfer.

39. The Trustee may avoid the Constructive Fraudulent Transfer made (a) during the four (4) year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) during the two year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(B).

40. The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

41. The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## Prayer

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows

### On the First Claim for Relief

1. That the Actual Fraudulent Transfer made during the four year period prior to the Petition Date be avoided pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*;

2. That the Actual Fraudulent Transfer made during the two year period prior to the Petition Date be avoided pursuant to 11 U.S.C. § 548(a)(1)(A);

3. That Plaintiff recover the avoided Actual Fraudulent Transfer or a money judgment in an amount equal to sum of the avoided Actual Fraudulent Transfer pursuant to 11 U.S.C. § 550;

### On the Second Claim for Relief

4. That the Constructive Fraudulent Transfer made during the four year period prior to the Petition Date be avoided pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*;

5. That the Constructive Fraudulent Transfer made during the two year period prior to the Petition Date be avoided pursuant to 11 U.S.C. § 548(a)(1)(B);

6. That Plaintiff recover the avoided Constructive Fraudulent Transfer or a money judgment in an amount equal to the sum of the avoided Constructive Fraudulent Transfer pursuant to 11 U.S.C. § 550;

### On all Claims for Relief

7. That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

8. For pre-judgment interest at the maximum rate allowed by law;

9. For costs incurred by Plaintiff in prosecuting this action; and

10. For such other and further relief as the Court may deem just and proper.

Dated: October 27, 2015        MARSHACK HAYS LLP

By: /s/ Chad V. Haes
_____
D. EDWARD HAYS
CHAD V. HAES
JUDITH E. MARSHACK
Attorneys for Plaintiff and Chapter 7 Trustee
RICHARD A. MARSHACK