# FOR PUBLICATION

FILED & ENTERED

JUN 30 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Santa Ana Division

| | |
|---|---|
| In re<br><br>DRI COMPANIES,<br><br>    Jointly Administered Debtors. | Case No. 8:13-bk-12153-SC<br>(Jointly Administered with<br>8:13-bk-12154-SC<br>8:13-bk-12156-SC)<br><br>Chapter 7<br><br>Adversary No. 8:15-ap-01421-SC |
| Affects:<br>☐ All Debtors<br>☑ DRI COMPANIES, a California Corporation,<br>☐ DRI COMMERCIAL CORPORATION, a California Corporation<br>☐ DRI RESIDENTIAL CORPORATION, a California Corporation | **ORDER DENYING MOTION TO TRANSFER, ALTERNATIVELY, MOTION TO STAY**<br><br>Date: 6/29/2016<br>Time: 10:00 a.m.<br>Courtroom 5C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>SUNWIZE TECHNOLOGIES, INC.; SUNWIZE, LLC; SUNWIZE HOME LLC; SUNWIZE POWER & BATTERY, LLC; and ISLANDWIDE SOLAR, LLC,<br><br>    Defendants. | |

## I. Introduction

This matter is before the Court on a Motion to Transfer Venue, Alternatively, Motion to Stay [Dk. 25] ("Motion"), seeking to transfer the *Marshack v. SunWize* fraudulent transfer adversary proceeding from the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court") to the U.S. District Court for the District of Arizona ("District Court") pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure ("Rule") 1014(a). The Trustee filed an opposition [Dk. 31] ("Opposition"), and Movant filed a reply [Dk. 32] ("Reply"). This matter came on for hearing on June 29, 2016. Jeffrey L. Sklar, Esq. of Lewis Roca Rothgerber Christie LLP appeared on behalf of MCA Financial Group, Ltd, by and through Keith Bierman, as receiver for Eco Clean Solar, Inc. ("Receiver"). Judith Marshack, Esq. of Marshack & Hays, LLP appeared on behalf of the chapter 7 trustee, Richard Marshack ("Trustee"). Other appearances, if any, were as noted on the record. Based upon the Motion, Opposition, Reply, and the record as a whole, and for the reasons set forth on the record and as more fully discussed below, the Motion is DENIED.

## II. Discussion

### A. Transfer

Title 28 U.S.C. 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412(a). Rule 7087[1] provides, in pertinent part, that "[o]n motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412. . . ." Fed. R. Bankr. P. 7087. Movant has the burden of showing by a preponderance of evidence that transfer is warranted. *See In re Lebbos*, 2007 WL 7540977, at *3 (B.A.P. 9th Cir. Nov. 14, 2007) (unpublished). The Court has broad discretion in deciding motions to transfer. *Id*.

---

[1] Although the Motion cites Rule 1014(a), that rule only applies to bankruptcy cases, not adversary proceedings. Rule 7087 is applicable to adversary proceedings.

1  The "interests of justice" prong requires the Court to consider the following
2 factors:
3  the economics of estate administration, the presumption in favor of the "home court", judicial efficiency, the ability to receive a fair trial, the
4  state's interest in having local controversies decided within its borders by those familiar with its laws, the enforceability of the judgment, and
5  plaintiff's original choice of forum.
6 *Senorx, Inc. v. Coudert Bros., LLP*, 2007 WL 2470125, at *1 (N.D. Cal. Aug. 27, 2007)
7 (citing *In re Bruno's, Inc.*, 227 B.R. at 324-25 (S.D. Ala. 1998)). "[T]he most important
8 consideration is whether the requested transfer would promote the economic and
9 efficient administration of the estate." *In re Commonwealth Oil Refining Co., Inc.*, 596
10 F.2d 1239, 1247 (5th Cir. 1979). The "home court" is the bankruptcy court in which the
11 debtor's case is pending. *See Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*, 246
12 B.R. 421, 440 (Bankr. N.D. Ala. 2000).
13  Here, all of these factors weigh against transfer. This Court is the "home court,"
14 (as indelicate a term as that is) and this Court has a significant history with the DRI
15 debtors, which weighs in favor of denying the transfer motion. *See In re Lebbos*, 600 F.
16 App'x 521, 525 (9th Cir. 2015) (unpublished) (upholding bankruptcy court's denial of
17 transfer motion where bankruptcy court had significant history with the case). The
18 claims arise, at least partially, under California law. The Trustee, as plaintiff, has
19 selected this bankruptcy forum. Most importantly, keeping the adversary proceeding in
20 bankruptcy court promotes the economic and efficient administration of both the
21 bankruptcy and the receivership estate by allowing the efficient liquidation of the
22 Trustee's claim against the receivership estate.
23  In addition to considering the "interests of justice," courts consider the
24 convenience of the parties. *See Senorx, LLP*, 2007 WL 2470125, at *1 (citing In re
25 Bruno, 227 B.R. at 325). The convenience factors include: 1) location of the plaintiff and
26 the defendant; 2) ease of access to necessary proof; 3) convenience of witnesses; 3)
27 availability of subpoena power for the unwilling witnesses; and 4) expenses related to
28 obtaining witnesses. *Id.*

Movant, the holder of the burden on a transfer motion, has not provided *any evidence* that the Arizona forum is more convenient. For example, Movant has not provided any evidence that witnesses are located in Arizona. Instead of providing evidence, Movant raises various legal arguments—none of which are persuasive. Movant has not met his burden.

Movant argues that its jury trial right would be impinged if the fraudulent transfer action were tried in bankruptcy court. However, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (citations omitted). In addition, even absent consent, this Court may submit a report and recommendation to the District Court. In *In re Bellingham Insurance Agency, Inc.*, the Ninth Circuit held that that "fraudulent conveyance claims, because they do not fall within the public rights exception, cannot be adjudicated by non-Article III judges." 702 F.3d 553, 561 (9th Cir. 2012).[2]

However, the Ninth Circuit explained that "§ 157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law. *Only the power to enter final judgment is abrogated.*" *Id.* at 565-66 (emphasis added). Moreover, the Ninth Circuit noted that "§ 157(e) permits bankruptcy judges to conduct jury trials 'with the express consent of all the parties.'" *Id.* at 569. At the very least, even without consent, this Court may hear this fraudulent transfer action and then submit a report and recommendation,

---

[2] As discussed during colloquy between the Court and the Receiver's counsel at the June 29, 2016 hearing, the Receiver's assertion of its jury trial rights is disingenuous, given the fact that the Receivership Estate's claims allowance process does not provide for a jury trial adjudication, as explained by the Receiver's counsel. *See* 6/29/2016 Transcript 11:55 a.m.

along with proposed findings of fact and conclusions of law, to the U.S. District Court for the Central District of California. Movant's rights to Article III adjudication and to a jury trial will be preserved and will not be impinged by denying the transfer.

Movant argues that the District Court's order dated October 16, 2015 prohibits this Court from adjudicating the fraudulent transfer action. This Court disagrees. The express terms of the District Court's order do not prohibit the Trustee from proceeding to judgment in Bankruptcy Court or liquidating its claim against the receivership estate. The order simply prohibits collection activity. As discussed in depth at the June 29, 2016 hearing, none of the other aspects of the District Court's order are violated by allowing the fraudulent transfer proceeding to continue in bankruptcy court.

Movant also asserts that the Trustee's litigation of the fraudulent transfer claim in this Court violates the District Court's order, which prohibits third parties from "[d]oing any act which will, or will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the receivership Estate or Collateral." Movant argues that the fraudulent transfer action "prejudices" the Receivership Estate because "the Trustee would be using a different process than the [District Court] created." Reply, page 4, line 1. However, allowing adjudication in the Central District of California would allow the Trustee to liquidate that claim, which would aid the District Court's disposition of the receivership estate. In short, any attempt to liquidate the claim in bankruptcy court does not run afoul of the express terms of the District Court's order, and in fact it simplifies the District Court's activities.

The transfer request is DENIED.

**B.    Abstention**

Finally, Movant asserts that this Court should stay and abstain from the fraudulent transfer proceeding because, according to Movant, this Court and the District Court are "both engaged in in rem proceedings over the same property." Reply, page 6, line 1 (citing *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (involving an in rem quiet title action)). The Court disagrees.

      The *Lusardi* case cited by Movant was applying the Colorado River abstention doctrine, in which district courts abstain from hearing certain cases that would interfere with a pending court proceeding. *Lusardi*, 976 F.2d at 588; *see also Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976) (holding that the presence of concurrent state proceedings may indicate that a district court should abstain from the contemporaneous exercise of concurrent jurisdiction). However, the *Colorado River* abstention doctrine is inapplicable. First, abstention under bankruptcy law is provided for by 28 U.S.C. § 1334(c). *See In re Tarragon Corp.*, 2009 WL 2244598, at *7 (Bankr. D.N.J. July 27, 2009). Moreover, this is not a situation where there are two parallel *in rem* proceedings exercising control of the same *res*. Although a fraudulent transfer action ultimately seeks an *in rem* remedy, the action itself is generally considered in personam. *See In re Rountree*, 448 B.R. 389, 407 (Bankr. E.D. Va. 2011) ("[A]n unsecured creditor's cause of action under the UFTA is *in personam* even if the unsecured creditor ultimately seeks a remedy *in rem*.").  Here, the *Marshack v. SunWize* proceeding brought by the Trustee seeks to liquidate an *in personam* action against SunWize and to then collect within the confines of the claims administration procedures established by the District Court.

      The case cited by Movant, *Verit Hotel & Leisure (Int'l) Ltd. v. Carway*, 240 B.R. 771 (D. Ariz. 1999), in support of the proposition that fraudulent transfer action is an *in rem* proceeding, is distinguishable because there, the bankruptcy court imposed a constructive trust on the transferee and awarded the plaintiff "full ownership and possession" of fraudulently transferred stock. *Id.* at 773. By contrast, here the Trustee only seeks a money judgment (an *in personam* right), which would liquidate the amount of the Trustee's claim against the Receivership Estate.  This process comports with the District Court's order and promotes judicial economy.

      The request for abstention is DENIED.

      ///

### III. Conclusion

Absent sufficient evidence, Movant has not met its burden to establish that transfer is warranted. Applying the relevant factors related to transfer, the Court finds that all factors weigh against transfer. In addition, Movant has not demonstrated that the so-called *Colorado River* doctrine applies such that this Court should abstain from adjudicating the fraudulent transfer action.

The Motion is DENIED.

###

Date: June 30, 2016

Scott C. Clarkson
United States Bankruptcy Judge